UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-475-H

RONDAL CHILDRESS                                                                    PLAINTIFF

V.

UNITED STATES OF AMERICA                                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Rondal Childress, injured his back while loading a garden tiller into his truck at the Post Exchange on the Fort Knox Army Base. He has filed suit against the United States under the Federal Tort Claims Act ("FTCA") and, after completing discovery, Defendant has moved for summary judgment.

I.

On March 19, 2007, Plaintiff went by himself to the PX at Fort Knox to purchase a garden tiller. His intention was to take the tiller home in the back of his pickup truck. A young twenty-something lady employee of the PX assisted him. Thereafter, Plaintiff pulled his truck to an assigned area of the PX where his tiller was waiting for him.

Plaintiff is familiar with loading items onto trucks. That day, he dropped the tailgate on his truck and lifted his truck's bed lid so that he could load the tiller. The front of the tiller was facing the lowered tailgate of his truck. Plaintiff then told the young female worker that he would take the front of the tiller, because it was the heaviest end, and she could take the handles to lift it into the truck.

Plaintiff stood on the tailgate of his truck, reached down, and grabbed the front of the

tiller. His tailgate sits about three or four feet above ground level. His plan was to lift the tiller until the wheels were on the level of his truck bed and then let the PX employee push the tiller into the truck. The two of them lifted the tiller about half way to the tailgate before Plaintiff told the PX employee to stop. Plaintiff had underestimated the weight of the tiller, but still believed he could lift the tiller into his truck.

He told the employee that he needed to get a better grip. He also did not ask for any extra assistance of any kind. Nor did he ask that the tiller be delivered to his house. Rather, he and the employee attempted to lift the tiller into the truck a second time. This time, he reached below the level of his tailgate to the tiller and lifted it a little higher than his first attempt. In the process, he heard a "pop" and feeling a "snap" in his low back. He immediately dropped loading the tiller.

Plaintiff says that after he hurt his back, the employee told him that the PX had a ramp they could use. He then helped the employee load the tiller using a ramp. After the tiller was in his truck, the employee asked him if he wanted to complete an accident report. He declined, because he said he needed to get to a doctor.

II.

The FTCA is the exclusive remedy for suits against the United States or its agencies sounding in tort. 28 U.S.C. § 2679(a). The FTCA grants a limited waiver of sovereign immunity and allows tort claims against the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. To determine the liability of a private person "we are to look to the law of the state 'where the act or omission occurred.'" *Crider v. United States,* 885 F.2d 294, 296 (5th Cir. 1989) (quoting 28 U.S.C. §

1364(b)).

In a negligence claim, Kentucky law says that a plaintiff must establish that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached its duty, and (3) the breach proximately caused the plaintiff's damages." *Lee v. Farmer's Rural Elec. Co-op. Corp.*, 245 S.W.3d 209, 211-12 (Ky. App. 2007) (citing *Mullins v. Commonwealth Life Insurance Co.*, 839 S.W.2d 245 (Ky. 1992)). The question of "whether the defendant owed a duty is a question of law for the court to decide." *Id*. at 212 (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003)).

Here, Plaintiff must prove that the PX employee behaved in a manner inconsistent with that of an ordinarily prudent person in the same or similar circumstances. *Harris v. Thompson*, 497 S.W.2d 422, 429 (Ky. 1973). "What constitutes ordinary care varies with the nature of the business and the use to which the premises are put, but it is a care commensurate with the particular circumstances involved in the given case." *Sidebottom v. Aubrey*,101 S.W.2d 212, 213 (Ky. 1937). Plaintiff carries the burden of proof regarding what duty he claims he was owed at the PX. *Lee v. Farmer's Rural Elec. Co-op. Corp.*, 245 S.W.3d at 211-12.

III.

The PX employee certainly agreed to assist Plaintiff in loading the garden tiller into his truck. However, nothing in the evidence suggests a failure on the part of that employee to exercise ordinary care. Plaintiff never specifically requested use of a ramp. But that is immaterial. Loading the tiller without a ramp is perfectly reasonable. It presents no danger about which Plaintiff might have been unaware. The employee did not violate any duty by either offering assistance or in the manner of it. As a matter of law, when voluntarily helping a

customer load a purchase, the failure to offer an alternative to another reasonable method, does not violate any legal duty.

Plaintiff attempts to fashion a legal duty from two Kentucky cases. *See Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.2d 431 (Ky. 2003) and *West v. KKI, LLC*, 300 S.W.3d 184 (Ky. App. 2008). *Lanier* discusses the duties and burdens of proof in a premises liability case. Those considerations are not applicable here. The *West* case expands upon that consideration and upon the duty of a premises owner to warn an invitee of latent, unknown or not obvious dangers. That case is not applicable here because the evidence does not disclose the existence of a latent danger. Anytime one exerts force upon an unstable joint, the potential exists for injury. In these circumstances, the PX employee had no legal duty to warn the customer of this obvious fact.

For all of these reasons, the Court will sustain Defendant's motion for summary judgment.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final order.

cc:   Counsel of Record